1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

12

MONIQUE M. PHILLIPS,

                    Plaintiff,

        v.

CAROLYN W. COLVIN, Commissioner of
Social Security,

                    Defendant.

Case No. C13-2108-TSZ-BAT

**REPORT AND
RECOMMENDATION**

13  Monique M. Phillips seeks review of the denial of her application for Supplemental

14  Security Income.  She contends the ALJ (1) gave too much weight to the opinions of non-

15  examining doctors; (2) improperly evaluated the medical evidence regarding her liver disease;

16  (3) improperly evaluated the medical evidence regarding her mental impairments; (4) improperly

17  found Ms. Phillips not fully credible; (5) improperly evaluated whether her drug and alcohol

18  abuse was a factor material to her disability; (6) improperly evaluated her residual functional

19  capacity; and (7) based his step five finding on his erroneous residual functional capacity

20  finding.  Dkt. 15.  The Court agrees that the ALJ erred in evaluating whether drug and alcohol

21  abuse was material to her disability with respect to listing 5.05A, and improperly evaluated some

22  of the medical evidence regarding her mental impairments and Ms. Phillips's credibility.

23  Accordingly, the Court recommends the case be **REVERSED** and **REMANDED** for an award

REPORT AND RECOMMENDATION - 1

1   of a closed period of benefits and for further administrative proceedings thereafter.

2                                   **BACKGROUND**

3          Ms. Phillips applied for benefits on June 22, 2007.  Tr. 131.  After the Commissioner

4   issued a final decision denying her claim, she sought review in this Court.  Pursuant to the

5   parties' stipulation, this Court reversed and remanded the case for further administrative

6   proceedings.  Tr. 985-89.  The ALJ conducted a second hearing and again issued a decision

7   finding Ms. Phillips not disabled.  Tr. 890-906.  The Appeals Council declined to assume

8   jurisdiction, making the ALJ's decision the Commissioner's final decision.  Tr. 876.

9                                **THE ALJ'S DECISION**

10         Utilizing the five-step disability evaluation process and the drug addiction and alcoholism

11  analysis,[1] the ALJ found:

12      • Ms. Phillips had not engaged in substantial gainful activity since the application date.

13      • She had the following severe impairments: alcoholic cirrhosis of the liver, hepatitis C,

14         major depression, alcohol abuse, and THC abuse.

15      • Ms. Phillips's impairments, including the substance use disorders, meet the

16         requirements of listing 5.05A.[2]

17      • If Ms. Phillips stopped the substance use, the remaining limitations could cause more

18         than a minimal impact on her ability to perform work activities; therefore Ms. Phillips

19         would continue to have a severe impairment or combination of impairments.

20      • If Ms. Phillips stopped the substance use, her impairments would not meet or equal

21         the requirements of a listed impairment.

22

23  [1] 20 C.F.R. §§ 416.920, 416.935
    [2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

REPORT AND RECOMMENDATION - 2

- When Ms. Phillips is not involved in substance use, she has the residual functional capacity to perform light work with certain postural limitations; she could perform simple routine tasks that do not involve manufacturing style production rate or pace work; she could perform work where there are occasional changes in the work setting as well as occasional interaction with supervisors and co-workers, but only superficial interaction with the public.

- If Ms. Phillips stopped the substance use, she would be unable to perform her past relevant work, but there would be a significant number of other jobs in the national economy that she could perform.

- Ms. Phillips's substance use is a contributing factor material to the determination of disability because she was able to perform light work when her condition was not exacerbated by substance use.  Because the substance use disorder is a contributing factor material to the determination of disability, Ms. Phillips was not disabled from the date of her application through the date of the decision.

## DISCUSSION

### A.      Listing 5.05A and drug abuse and alcoholism

Ms. Phillips argues that the ALJ erred by finding that her alcoholic cirrhosis of the liver and hepatitis C did not meet or equal listing 5.05 without exacerbation through substance use. Dkt. 15 at 20.  She asserts that the ALJ should have found her disabled under listing 5.05A from the time of her May 2007 hospitalization through May 12, 2008.  *Id.* at 21.

To establish presumptive disability under a listing, the claimant must show that her impairment, or combination of impairments, satisfies all the criteria in the listing.  *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).  To meet listing 5.05A, chronic liver disease, a claimant must

show that she has hemorrhaging from esophageal, gastric, or ectopic varices, demonstrated by endoscopy, x-ray, or other imaging, resulting in hemodynamic instability and requiring hospitalization for transfusion of at least 2 units of blood.  20 C.F.R., Part 404, Subpt. P, App. 1 § 5.05A.  The listing directs that a claimant who meets this listing be considered disabled for 1 year following the last documented transfusion, with residual impairments reevaluated thereafter. *Id.*

If drug addiction or alcoholism (DAA) is a contributing factor material to the determination of disability, a claimant cannot be considered disabled for purposes of awarding benefits.  42 U.S.C. § 1382c(a)(3)(J).  When DAA is present, the ALJ must follow a specific analysis to determine whether DAA is a contributing factor material to the determination of disability.  *See* 20 C.F.R. § 416.935; *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).  First, the ALJ must complete the five-step disability analysis without separating out the effects of DAA.  *Bustamante*, 262 F.3d at 955.  If the ALJ finds the claimant disabled with the impact of DAA, the ALJ must perform the sequential evaluation process a second time, separating out the impact of the claimant's DAA, to determine if she would still be disabled if she stopped using drugs or alcohol.  *Id.*  This is the "key factor" in the DAA analysis.  Social Security Ruling (SSR) 13-2p.  If after performing this second evaluation, the ALJ determines a claimant's remaining limitations would not be disabling, the ALJ must find the claimant's DAA was a contributing factor material to the determination of disability and find the claimant not disabled.  20 C.F.R. § 416.935(b)(2)(i).  If, however, the ALJ determines a claimant's remaining limitations remain disabling, the ALJ must find the claimant's DAA is not a contributing factor material to the determination of disability and find the claimant disabled. 20 C.F.R. § 416.935(b)(2)(ii).  Even where a claimant's DAA causes her other impairment, if the other

impairment is irreversible or would not improve to the point of nondisability in the absence of DAA, the DAA is not material to the disability.  SSR 13-2p.

In July 2006, a CT scan showed Ms. Phillips had paraesophageal and gastric varices, suggesting cirrhosis of the liver.  Tr. 227-28.  Ms. Phillips was hospitalized due to liver and heart failure from May 1, 2007, through May 13, 2007; during the hospitalization, she received multiple transfusions of blood products, the last of which appears to have occurred on May 10, 2007.  Tr. 243, 245-46.

At the first ALJ hearing in September 2009, the medical expert, John Lindberg, M.D., testified that Ms. Phillips met the medical requirements of listing 5.05A at the time of her May 2007 hospitalization, but that she would not have met the requirements for a 12-month period.  Tr. 40.  He opined: "She was acutely ill.  She met several listings for that moment, for that period of hospitalization."  *Id.*

In the first part of the *Bustamante* analysis, the ALJ found that including the substance use disorders, Ms. Phillips's impairments met listing 5.05A.  Tr. 894.  The ALJ also stated: "However, the record indicated that the claimant was consuming alcohol and smoking marijuana despite her serious liver condition . . . .  This substance use exacerbated the claimant's symptoms and directly related to the severity of her symptoms."  Tr. 894-95.  In the second part of the *Bustamante* analysis, the ALJ found that if Ms. Phillips stopped the substance use, her alcoholic cirrhosis of the liver and hepatitis C would not meet or equal listing 5.05 "because after her surgery in 2007 and brief period of sobriety, there was no evidence of hemorrhaging from esophageal, gastric, or ectopic varices . . . ."  Tr. 895.

In making these findings, the ALJ improperly considered the role of DAA in Ms. Phillips's disability.  The medical expert testified at the September 2009 hearing that Ms. Phillips

met the medical requirements of listing 5.05A at the time of her May 2007 hospitalization, but that she would not have met the requirements for a 12-month period.  Tr. 40.  However, as the ALJ recognized, Tr. 900, listing 5.05A has no durational requirement.  Once a claimant meets the diagnostic criteria, per the terms of the listing itself, she is "consider[ed] under a disability for 1 year following the last documented transfusion."  20 C.F.R., Part 404, Subpt. P, App. 1 § 5.05A.  Therefore, at the point of hospitalization and transfusion, Ms. Phillips met the listing and was considered disabled for one year thereafter.  This would not change if Ms. Phillips stopped using all drugs and alcohol at the time of her hospitalization, or if she continued to use them.  Although her DAA caused her alcoholic cirrhosis of the liver, it remained disabling for the 1-year period, even if Ms. Phillips were to stop using drugs and alcohol.

SSR 13-2p supports this conclusion.  It recognizes that when DAA medically causes a disabling impairment, but the other impairment is irreversible or could not improve to the point of nondisability in the absence of DAA, DAA is not material to the disability.  It even lists cirrhosis of the liver as an example of such an impairment.

The ALJ erred by finding that Ms. Phillip's alcoholic cirrhosis of the liver and hepatitis C did not meet or equal a listing for the year following the last documented transfusion.  This case should be remanded for a finding that Ms. Phillips was disabled under listing 5.05A for this closed period and for an evaluation of her residual impairment after that period.[3]  However, in light of the medical expert's testimony that Ms. Phillips's condition improved such that she would not meet the listing by the end of that year, and Ms. Phillip's concession that this is the

---

[3] Although her application is not in the record, the parties agree that Ms. Phillips applied for SSI in June 2007, the month after her hospitalization.  Dkt. 15 at 1, Dkt. 16 at 2.  She would therefore be eligible for benefits beginning in July 2007.  *See* 20 C.F.R. § 416.335.  Ms. Phillips asserts she met the listing through May 12, 2008.  Dkt. 15 at 21.  On remand, the ALJ should determine the date of Ms. Phillips's last documented blood transfusion to determine the date on which she no longer automatically met listing 5.05A.

1  case, the Court will consider Ms. Phillips's remaining arguments.

2  **B.    Medical evidence**

3  Ms. Phillips assigns error to the ALJ's evaluation of the medical opinions from several

4  examining and non-examining doctors.  In general, the ALJ should give more weight to the

5  opinion of an examining doctor than to that of a non-examining doctor.  *Lester v. Chater*, 81

6  F.3d 821, 830 (9th Cir. 1996).  Where it is not contradicted by another doctor, the ALJ may

7  reject an examining doctor's opinion only for "clear and convincing reasons."  *Id.* at 830-31.

8  Where contradicted, the ALJ may not reject an examining doctor's opinion without "specific and

9  legitimate reasons" that are supported by substantial evidence in the record.  *Id.* at 830-31

10 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).  An ALJ does this by setting out

11 a detailed and thorough summary of the facts and conflicting evidence, stating his interpretation

12 of the facts and evidence, and making findings.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th

13 Cir. 1989).  The ALJ must do more than offer his conclusions; he must also explain why his

14 interpretation, rather than the doctor's interpretation, is correct.  *Orn v. Astrue*, 495 F.3d 625, 632

15 (9th Cir. 2007) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

16 *1.    Liver disease*

17 Ms. Phillips argues that the ALJ erred in evaluating the opinions of examining doctor

18 Tausler Afaq, M.D., medical expert Dr. Lindberg, and non-examining doctor Charles Wolfe,

19 M.D., with respect to her liver disease.

20 *a.    Dr. Afaq*

21 In May 2007, Dr. Afaq opined that Ms. Phillips was "severely limited" by her end-stage

22 liver disease, encephalopathy, and hepatitis C; he opined that this level of limitation would last

23 90 days to 12 months.  Tr. 563-66.  The ALJ gave this opinion little weight because it was

1    rendered a week after Ms. Phillips's hospitalization during a brief period of acute exacerbation.

2    Tr. 901.  Ms. Phillips asserts it was error to reject this opinion because she met listing 5.05A at

3    the time it was given.  Dkt. 15 at 4.  The fact that the Court recommends finding Ms. Phillips

4    disabled under the listings at the time Dr. Afaq gave this opinion renders any error in rejecting it

5    harmless.  *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

6    Moreover, because Dr. Afaq limited his opinion to the year following Ms. Phillips's

7    hospitalization, the Court sees no reason to direct the ALJ to reconsider this opinion on remand.

8            *b.      Dr. Lindberg*

9            At Ms. Phillips's first hearing, Dr. Lindberg testified that with respect to her physical

10   impairments, Ms. Phillips's level of function would be sedentary to light.  Tr. 41-42.  Ms.

11   Phillips argues that the ALJ erred by failing to "acknowledge Dr. Lindberg's testimony at

12   Phillips's first hearing that Phillips's 'complaint of fatigue, which is present in the record, can be

13   related to Hepatitis C in addition to the cirrhosis.'"  Dkt. 15 at 4-5 (quoting Tr. 38).  She links

14   this assertion to the ALJ's rejection of her credibility.  *Id.*  However, the ALJ found that Ms.

15   Phillips's impairments could reasonably be expected to cause her alleged symptoms, including

16   fatigue.  Tr. 897.  An ALJ must explain why he has rejected uncontroverted medical evidence.

17   *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984).  But the ALJ did not reject this

18   testimony.  The Court sees no reason to disturb the ALJ's assessment of Dr. Lindberg's opinion.

19           *c.      Dr. Wolfe*

20           In August 2007, non-physician disability examiner Shelly Alonso opined that Ms.

21   Phillips could perform light work with postural limitations.  Tr. 351-58.  In April 2008, state-

22   agency reviewing physician Dr. Wolfe reviewed the record and affirmed Ms. Alonso's opinion.

23   Tr. 554.  Ms. Phillips faults the ALJ for failing to note that the opinion Dr. Wolfe affirmed was

that of a non-physician.  Dkt. 15 at 3-4.  But when Dr. Wolfe affirmed the opinion, he adopted it as his own.  There was no reason for the ALJ to discount this opinion merely because a non-physician first proffered it.  Ms. Phillips also faults the ALJ for failing to mention the fact that in March 2008, a month before giving his opinion, Dr. Wolfe wrote a note stating, "I'm not so sure this [patient] doesn't meet 5.05A," and requesting additional information about the number of transfusions she had.  Tr. 483; Dkt. 15 at 4.  This note was a request for more information, not a medical opinion that the ALJ was required to comment on.  And the fact that the Court recommends remand for a finding that Ms. Phillips met the listing at the time Dr. Wolfe made this statement renders this issue moot.

The Court finds that any error in the ALJ's analysis of the medical opinions about Ms. Phillips's liver disease is obviated by the Court's recommendation to remand for a finding that her impairments met the listing for the year following her last documented transfusion.  Ms. Phillips has not identified any errors in the ALJ's evaluation of the medical evidence about her liver disease with respect to the time after that closed period.

### 2.  *Mental impairments*

Ms. Phillips argues that the ALJ erred by rejecting the opinions of examining doctors David Moore, Ph.D., Richard Washburn, Ph.D., Shawn Kenderdine, Ph.D., Alysa Ruddell, Ph.D., and by giving too much weight to non-examining doctors Arthur Lewy Ph.D., and Mary Gentile, Ph.D., with respect to her mental impairments.

### a.  *Dr. Moore*

Dr. Moore examined Ms. Phillips in May 2007.  He diagnosed alcoholism, post traumatic stress disorder, depression, and adult literacy problem, and assigned a global assessment of functioning (GAF) score of 40, indicating some impairment in reality testing or communication

1   or major impairment in several areas, such as work or school, family relations, judgment,

2   thinking, or mood.  Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental

3   Disorders (DSM-IV), 34 (4th ed. text rev. 1994).  He opined that alcohol or drug treatment

4   would be likely to decrease the severity of her condition.  He opined that she had moderate to

5   severe limitations in cognitive and social factors, but some of the cognitive limitations were most

6   likely the result of drug or alcohol abuse.  Tr. 333-37.  The ALJ gave this opinion some weight.

7   Tr. 900.

8         An ALJ may not reject a treating or examining doctor's opinion without giving either

9   clear and convincing or specific and legitimate reasons for so doing.  *Lester*, 81 F.3d at 830-31.

10   The ALJ erred by providing no reason for giving less than full credit to Dr. Moore's opinion.

11   However, Dr. Moore examined Ms. Phillips shortly after she was hospitalized and thus rendered

12   his opinion during the time she met listing 5.05A.  In light of this fact, the Court concludes the

13   error was harmless and need not be addressed on remand.  *See Stout*, 454 F.3d at 1055.

14         b.     *Dr. Washburn*

15         Dr. Washburn examined Ms. Phillips in September 2007.  He diagnosed alcohol abuse in

16   recent remission, cannabis abuse in recent remission, dysthymic disorder, and generalized

17   anxiety disorder, and assigned a GAF score of 50, indicating serious symptoms or a serious

18   impairment in social, occupational, or school functioning.  DSM-IV at 34.  He opined that Ms.

19   Phillips did not have the emotional stability needed to cope with the normal stress of full-time,

20   gainful employment at that time, although he found her overall intellectual functioning to be

21   adequate.  Tr. 359-64.  The ALJ found that although Dr. Washburn found Ms. Phillips to be in

22   recent remission from substances, she was still actively using at the time of his evaluation.  Tr.

23   901.  The ALJ noted that in October 2007, she reported she was only two weeks sober from

REPORT AND RECOMMENDATION - 10

1    alcohol and continued to use marijuana.  Tr. 515.  And Ms. Phillips testified that she last used

2    alcohol in November 2007 and marijuana in August 2011, both of which were after Dr.

3    Washburn's examination.  Tr. 944-46, 1014.  The ALJ accordingly gave some weight to Dr.

4    Washburn's opinion as it relates to Ms. Phillips's inability to function while using substances,

5    but little weight as to her abilities when actually clean and sober.  Tr. 901.

6         Ms. Phillips asserts that the ALJ gave no reason for discounting Dr. Washburn's opinion.

7    Dkt. 15 at 6-7.  However, as noted, the ALJ gave the opinion only some weight because of the

8    inconsistency between Dr. Washburn's statement that Ms. Phillips was in remission from drugs

9    and alcohol and the evidence of her substance use at that time.  This is a valid reason to discount

10   an examining doctor's opinion.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th

11   Cir. 2004) (ALJ may give less weight to an opinion that is inconsistent with other evidence in the

12   record).  The ALJ did not err in assessing Dr. Washburn's opinion.  In any event, as Dr.

13   Washburn rendered his opinion during the time Ms. Phillips met listing 5.05A, any error in the

14   ALJ's evaluation of this evidence would be harmless.  *See Stout*, 454 F.3d at 1055.

15        c.    *Dr. Kenderdine*

16        Dr. Kenderdine examined Ms. Phillips in March 2010.  She diagnosed depressive

17   disorder NOS, alcohol dependence in sustained remission, and personality disorder NOS, and

18   assigned a GAF score of 48, indicating serious symptoms or a serious impairment in social,

19   occupational, or school functioning.  DSM-IV at 34.  She opined that Ms. Phillips had mild to

20   marked cognitive and social limitations.  Tr. 1141-47.  The ALJ gave this opinion little weight.

21   Tr. 902.  The ALJ found that this opinion was "undermined by Dr. Kenderdine's note that the

22   claimant had been in sustained remission for over three years, while the medical record indicates

23   otherwise."  *Id.*  The ALJ also found that, "As the claimant's symptoms were clearly exacerbated

1    during this interview by substance use, little weight can be given to this assessment as it relates

2    to the claimant's ability to function while sober."  *Id.*

3         Ms. Phillips argues that Dr. Kenderdine's statement that Ms. Phillips "has been in

4    sustained remission from alcohol dependence for over 3 years" is correct and that there is no

5    factual basis for the ALJ's finding that her symptoms were clearly exacerbated during the

6    interview by substance use.  Dkt. 15 at 7-8.  Ms. Phillips testified and reported elsewhere in the

7    record that she last drank alcohol in November 2007, approximately two and a half years before

8    Dr. Kenderdine's evaluation.  Tr. 944-45, 1014, 1256.  Although the dates do not line up exactly,

9    the medical record supports a finding that Ms. Phillips was in long-term remission from alcohol

10   use at the time of Dr. Kenderdine's evaluation.  The record does not contradict Dr. Kenderdine's

11   statement, as it pertained solely to alcohol.

12        However, the record also shows that Ms. Phillips continued to use marijuana even after

13   she stopped drinking, reporting her last use as August 2011, after Dr. Kenderdine's exam.  Tr.

14   945-46, 1256.  Despite this, there is nothing in Dr. Kenderdine's report that suggests Ms. Phillips

15   was under the influence of drugs at the time of the exam.  The ALJ cites to no evidence and

16   gives no explanation for his assertion that Ms. Phillips's symptoms were "clearly" exacerbated

17   by substance use during the interview.  The ALJ may not substitute his own interpretation of the

18   medical evidence for the opinion of a medical professional.  *See Tackett v. Apfel*, 180 F.3d 1094,

19   1102-03 (9th Cir. 1999).  The ALJ's reasons for rejecting Dr. Kenderdine's opinion were not

20   specific or legitimate.  The ALJ therefore erred in rejecting her opinion.

21        *d.     Dr. Ruddell*

22        Dr. Ruddell examined Ms. Phillips in December 2010.  She diagnosed anxiety disorder,

23   assigned a GAF score of 55, and opined that Ms. Phillips had mild to marked cognitive and

REPORT AND RECOMMENDATION - 12

1   social limitations.  Tr. 1263-67.  Dr. Ruddell examined Ms. Phillips again in February 2012.  She

2   diagnosed anxiety disorder, assigned a GAF score of 45 with the highest in the past year of 55,

3   and opined that Ms. Phillips had moderate to marked cognitive and social limitations.  Tr. 1141-

4   47.

5          The ALJ gave these opinions little weight.  Tr. 903.  The ALJ found that Dr. Ruddell

6   indicated Ms. Phillips reported sobriety from November 2007 and this undermined the weight of

7   her opinion.  *Id.*  Dr. Ruddell noted in her December 2010 report that Ms. Phillips last drank and

8   last used in November 2007.  Dr. Ruddell noted in her February 2012 report that Ms. Phillips last

9   drank in November 2007 and last used marijuana in August 2011.  Tr. 1256.  As discussed

10  above, this information is consistent with the other evidence of alcohol and substance use in the

11  record, with the exception of the notation that Ms. Phillips last used drugs in November 2007.

12  While that discrepancy may undermine the weight of Dr. Ruddell's December 2010 opinion, it

13  was not a legitimate reason to reject the later one.

14         The ALJ found that Dr. Ruddell indicated that the information in the reports was based

15  on Ms. Phillips's subjective reports unless otherwise specified and this undermined the weight of

16  her opinion.  Tr. 903.  An ALJ does not provide adequate reasons for rejecting an examining

17  physician's opinion by questioning the credibility of the patient's complaints where the doctor

18  does not discredit those complaints and supports his ultimate opinion with his own observations.

19  *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001).  Dr. Ruddell did not question Ms.

20  Phillips's credibility, and she supported her opinion with her own clinical assessment.  This was

21  not a legitimate reason to reject the opinion.

22         The ALJ found that on mental status exam, Ms. Phillips presented as cognitively intact,

23  performing serial threes and recalling three out of five words after a five-minute delay.  Tr. 903.

REPORT AND RECOMMENDATION - 13

1   An ALJ may not substitute his own interpretation of the medical evidence for the opinion of a

2   medical professional.  *See Tackett*, 180 F.3d at 1102-03.  The ALJ's own interpretation of Ms.

3   Phillips's mental status exam is not a legitimate reason to reject Dr. Ruddell's assessment of that

4   same evidence.

5          And the ALJ found that in her December 2010 report, Dr. Ruddell checked a box

6   indicating that she did not recommend an SSI application for benefits, which the ALJ found to be

7   "in direct contrast to the marked limitations Dr. Ruddell assigned."  Tr. 903.  However, as Ms.

8   Phillips points out, on the same page Dr. Ruddell noted, "When asked about application for

9   social security benefits, she said she has an attorney working on her case."  Tr. 1268; Dkt. 15 at

10  9.  The fact that Dr. Ruddell did not recommend applying for benefits when she knew Ms.

11  Phillips had a pending application does not reflect on Dr. Ruddell's opinion of the severity of

12  Ms. Phillips's limitations.  This was also not a legitimate reason to reject her opinion.  The ALJ's

13  erred in rejecting Dr. Ruddell's opinions.

14          *e.      Dr. Lewy and Dr. Gentile*

15          Dr. Lewy reviewed the record in November 2007 and opined that there were

16  inconsistencies in the mental health evidence and that there was no convincing evidence that Ms.

17  Phillips could not sustain some sort of constructive activities on a regular basis.  Tr. 381.  Dr.

18  Gentile reviewed the record and affirmed this opinion in February 2008.  Tr. 482.  The ALJ gave

19  Dr. Lewy's opinion great weight because it was consistent with Ms. Phillips's activities of daily

20  living and because Dr. Gentile affirmed it.  Tr. 899.  A non-examining doctor's opinion is

21  entitled to the least weight of all.  *Lester*, 81 F.3d at 830.  And an ALJ may not rely solely on the

22  contrary opinion of a non-examining doctor to reject an examining doctor's opinion.  *Tonapetyan*

23  *v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).  Yet the ALJ gave Dr. Lewy's opinion the

REPORT AND RECOMMENDATION - 14

1    greatest weight while rejecting the examining doctors' opinions.  Moreover, Dr. Lewy and Dr.

2    Gentile gave their opinions more than five years before the date of the ALJ's decision, and

3    during the time period that Ms. Phillips met listing 5.05A.  Considerable evidence was added to

4    the record after Dr. Lewy and Dr. Gentile reviewed it.  In light of this fact and the ALJ's errors

5    in assessing the other medical evidence, the ALJ should reevaluate the weight to give to these

6    opinions on remand.

7          **C.**      **Other medical sources**

8          Ms. Phillips argues that the ALJ erred by rejecting the opinions from the counselors,

9    social workers, and nurse practitioners who treated her at Valley Cities Counseling.  Dkt. 15 at

10   11.  Counselors, social workers, and nurse practitioners are not acceptable medical sources who

11   can give medical opinions.  *See* 20 C.F.R. § 404.1513(a).  The ALJ may evaluate opinions of

12   other medical sources using the same factors used to evaluate medical opinions of acceptable

13   medical sources.  SSR 06-03p; *see also* 20 C.F.R. § 404.1527(d).  But the ALJ may give less

14   weight to opinions of non-acceptable medical sources than to those of acceptable medical

15   sources.  SSR 06-03p.  The ALJ must give germane reasons for rejecting opinions from other

16   sources that are not acceptable medical sources.  *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir.

17   1993).

18         To the extent the ALJ discredited these opinions for the reasons he rejected the

19   examining doctors' opinions discussed above, including inconsistent reports of substance use,

20   reliance on Ms. Phillips's subjective reports, and the ALJ's own interpretation of the medical

21   evidence, these were not germane reasons for rejecting the opinions.  Given the Court's

22   recommendation that this case be reversed and remanded for a reevaluation of the medical

23   evidence, the Court recommends a reevaluation of these other medical source opinions as well.

**D.      Ms. Phillips's credibility**

Ms. Phillips argues that the ALJ erred in finding her not fully credible.  Dkt. 15 at 15.
The ALJ did not find that Ms. Phillips was malingering and the ALJ was thus required to provide
clear and convincing reasons to reject her testimony.  *See Vertigan v. Halter*, 260 F.3d 1044,
1049 (9th Cir. 2001).  An ALJ does this by making specific findings supported by substantial
evidence.  "General findings are insufficient; rather, the ALJ must identify what testimony is not
credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834.

The ALJ found that Ms. Phillips's allegations were inconsistent with the medical record.
Tr. 898.  The ALJ noted that Ms. Phillips's liver function improved after her hospitalization and
a progress note from Valley Cities Counseling stated Ms. Phillips was happier and had made
excellent progress in counseling.  *Id.*  An ALJ may not discount a claimant's subjective
complaints solely because of a lack of supporting objective medical evidence.  *Burch v.
Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).  The ALJ did not err in considering the medical
evidence.  However, given the lack of other, valid reasons to find Ms. Phillips not credible, as
discussed below, the Court cannot find this reason alone was sufficient.

The ALJ found that Ms. Phillips's reported activities shed doubt on her allegations.  Tr.
899.  The ALJ noted that Ms. Phillips was able to perform independent self-care, helped her
friends with household chores, had made zucchini bread for friends at Christmastime, was able to
take walks and ride a ten-speed bicycle, and enjoyed reading scary novels.  *Id.*  Daily activities
that are transferrable to a work setting may be grounds for an adverse credibility finding.  *Fair v.
Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  But daily activities that do not contradict a claimant's
other testimony or meet the threshold for transferrable work skills cannot form the basis of an
adverse credibility determination.  *Orn*, 495 F.3d at 639.  The activities the ALJ cited do not rise

1    to the level of transferrable work skills, nor does the ALJ explain how they contradict her other

2    testimony.  This was not a valid reason to find Ms. Phillips not fully credible.

3          The ALJ found that Ms. Phillips was "evasive regarding her actual substance use," and

4    made inconsistent statements throughout the record.  Tr. 899.  A claimant's prior inconsistent

5    statements are a factor in evaluating credibility.  *Smolen*, 80 F.3d at 1284.  The ALJ noted that

6    throughout 2006 and 2007, Ms. Phillips reported various dates as the date she last drank, but also

7    reported continued drinking during that time.  However, from the time she began reporting that

8    she last drank in November 2007, she consistently reported that date as her date of sobriety.  The

9    ALJ pointed to no evidence contradicting those statements.  What the ALJ characterized as

10   "inconsistent" statements in fact reflect exactly what Ms. Phillips testified to: she had numerous

11   failed attempts to stop drinking until November 2007, at which time she stopped and has

12   maintained sobriety ever since.  Ms. Phillips's statements about her alcohol use were not

13   inconsistent.  Ms. Phillips also testified about her continued marijuana use through August 2011,

14   which, as discussed above, is reflected in the record.  The ALJ pointed to no evidence

15   contradicting her statements about her marijuana use.  This is was not a valid reason to question

16   her credibility.  The ALJ failed to provide clear and convincing reasons to find Ms. Phillips not

17   fully credible.

18         **E.    Credit as true**

19         Ms. Phillips requests that the Court credit as true the medical opinions and Ms. Phillips's

20   testimony, and remand for an award of benefits.  Dkt. 15 at 24.  The Court may remand for an

21   award of benefits where (1) the record has been fully developed and further administrative

22   proceedings would serve no useful purpose, (2) the ALJ has failed to provide legally sufficient

23   reasons for rejecting evidence, whether claimant testimony or medical opinion, and (3) if the

1    improperly discredited evidence were credited as true, the ALJ would be required to find the

2    claimant disabled on remand.  *Garrison v. Colvin*, No. 12-15103, __ F.3d __, 2014 WL 3397218

3    (9th Cir. July 14, 2014).  Given the ALJ's error in assessing the impact of DAA on this case, the

4    fact that the Court recommends remanding for a finding of a closed period of disability and a

5    reevaluation of the evidence from the time after that period, and the fact that it is unclear that the

6    ALJ would be required to find Ms. Phillips disabled for the subsequent period, the Court

7    concludes that under the circumstances this case, a remand for further evaluation of the evidence

8    would be appropriate.

9                                                **CONCLUSION**

10          For the foregoing reasons, the Court recommends that the Commissioner's decision be

11    **REVERSED** and the case **REMANDED** for an award of a closed period of benefits and for

12    further administrative proceedings thereafter.  On remand, the ALJ should find that Ms. Phillips

13    was disabled under listing 5.05A for the closed period of one year from the date of her last

14    documented blood transfusion, determine the date of the last documented transfusion, and

15    evaluate her residual impairments as of one year from that date.  The ALJ should be directed to

16    award benefits for the period Ms. Phillips met the listing.  The ALJ should then redo the

17    *Bustamante* analysis with respect to the time after that closed period, to determine if Ms. Phillips

18    would still be disabled if she stopped using drugs or alcohol.  As part of this analysis, the ALJ

19    should reevaluate the opinions of Dr. Kenderdine, Dr. Ruddell, Dr. Lewy and Dr. Gentile, and

20    the evidence from Ms. Phillips's treatment providers at Valley Cities Counseling, and should

21    reevaluate Ms. Phillips's credibility.  The ALJ should develop the record as needed.

22          A proposed order accompanies this Report and Recommendation.  Objections, if any, to

23    this Report and Recommendation must be filed and served no later than **August 13, 2014**.  If no

objections are filed, the matter will be ready for the Court's consideration on **August 15, 2014**.

If objections are filed, any response is due within 14 days after being served with the objections.

A party filing an objection must note the matter for the Court's consideration 14 days from the

date the objection is filed and served.  Objections and responses shall not exceed twelve pages.

The failure to timely object may affect the right to appeal.

DATED this 30th day of July, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 19